```
 1                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
 2                             NORTHERN DIVISION

 3

 4   UNITED STATES OF AMERICA

 5   VERSUS                             CRIMINAL NO. 3:22-MJ-00185-LGI-1

 6   COLEMAN BOYD                                              DEFENDANT

 7

 8
                             RULE 5 PROCEEDINGS
 9            BEFORE THE HONORABLE LAKEYSHA GREER ISAAC,
                    UNITED STATES MAGISTRATE JUDGE,
10                           OCTOBER 6, 2022,
                          JACKSON, MISSISSIPPI
11

12

13

14   APPEARANCES:

15   FOR THE GOVERNMENT:     GLENDA R. HAYNES, ESQ.

16   FOR THE DEFENDANT:      PRINCESS ABBY, ESQ.

17

18

19

20

21
     TRANSCRIBED BY:
22
        CANDICE S. CRANE, RPR, RCR, CCR #1781
23      OFFICIAL COURT REPORTER
        501 E. Court Street, Suite 2.500
24      Jackson, Mississippi  39201
        Telephone:  (601)608-4187
25      E-mail:  Candice_Crane@mssd.uscourts.gov
```

**TABLE OF CONTENTS**

Style and appearances..................................... 1

Certificate of Court Reporter............................ 16

```
 1                IN OPEN COURT, OCTOBER 6, 2022
 2
 3        THE COURT:  All right.  Ms. Haynes, would you call the
 4   docket, please?
 5        MS. HAYNES:  May it please the Court?
 6        THE COURT:  Yes.
 7        MS. HAYNES:  United States of America versus Coleman
 8   Boyd is before the Court in Criminal No. 3:22-MJ-185 on a Rule
 9   5 out of the Middle District of Tennessee, and that cause
10   number being 3:22-CR-327.  The defendant is present in the
11   courtroom with his attorney, Ms. Princess Abby.
12        THE COURT:  Okay.  Thank you, Ms. Haynes.  And welcome,
13   Mr. Allen.  Good to see you.
14        Ms. Abby, if you and Mr. Boyd would come forward,
15   please?  Thank you so much.
16        Okay.  Mr. Boyd, would you raise your right hand,
17   please?  Do you solemnly swear or affirm the testimony you
18   will give in this case is the truth, the whole truth, and
19   nothing but the truth, so help you God?
20        THE DEFENDANT:  I affirm.
21        THE COURT:  Okay.  You can put your hand down.  If you
22   would kind of get close to the mic when you're talking.  We
23   have to record our proceedings, and I just want to be sure
24   your voice picks up.  Okay?
25        THE DEFENDANT:  Yes, ma'am.  I affirm.
```

1    THE COURT:  Sure.  I also will advise you that you're
2 now under oath, and if you're untruthful in answering any of
3 my questions, your answers may later be used against you in
4 another prosecution for making a false statement.
5    Do you understand?
6    THE DEFENDANT:  I do.
7    THE COURT:  Okay.  Thank you.  Okay.  Tell me your full
8 name, please.
9    THE DEFENDANT:  Coleman Alexander Boyd.
10   THE COURT:  How old are you?
11   THE DEFENDANT:  Fifty.
12   THE COURT:  And how far did you go in school?
13   THE DEFENDANT:  Doctorate.
14   THE COURT:  Okay.  Are you able to speak and understand
15 English without any difficulty?
16   THE DEFENDANT:  Yes, ma'am.
17   THE COURT:  Have you had any difficulty understanding
18 anything I've asked you so far?
19   THE DEFENDANT:  No, ma'am.
20   THE COURT:  Okay.  If at any point you have any trouble
21 understanding anything I am asking you, or even if you just
22 can't hear me, if you let me know, I'll make myself
23 understood.  Okay?
24   THE DEFENDANT:  Yes, ma'am.
25   THE COURT:  Thank you.  I have another set of questions

1  I'd like to ask you, but I do need to advise you that you are
2  not required to answer this particular set of questions.  If
3  you do choose to answer, your responses will provide some
4  helpful information for the Court.
5           THE DEFENDANT:  Yes, Your Honor.
6           THE COURT:  Are you now or have you recently been under
7  the care of a physician or psychiatrist?
8           THE DEFENDANT:  No, Your Honor.
9           THE COURT:  Have you been treated recently for any
10 mental illness?
11          THE DEFENDANT:  No, Your Honor.
12          THE COURT:  Have you been treated recently for any
13 alcohol or drug addiction?
14          THE DEFENDANT:  No, Your Honor.
15          THE COURT:  In the 48 hours before coming to court
16 today, have you taken any drug, medication, or alcoholic
17 beverage of any kind?
18          THE DEFENDANT:  My regular medications, but nothing
19 mind-altering.
20          THE COURT:  Okay.  Thank you.
21          THE DEFENDANT:  Blood pressure type stuff.
22          THE COURT:  Okay.  And those are the medications that
23 you shared with Ms. Judson in your pretrial interview?
24          THE DEFENDANT:  Yes, ma'am.
25          THE COURT:  Okay.  Thank you.  I'm familiar with those.

1            Is there anything about your physical or mental
2    condition that would affect or limit your ability to
3    understand or participate today?
4            THE DEFENDANT:  No, ma'am.
5            THE COURT:  Thank you, sir.
6            All right.  Ms. Haynes, do you presently have any doubt
7    as to the defendant's competence to participate today?
8            MS. HAYNES:  I do not, Your Honor.
9            THE COURT:  Thank you.
10           Ms. Abby, do you presently have any doubt as to the
11   defendant's competence to participate today?
12           MS. ABBY:  No, Your Honor.
13           THE COURT:  Okay.  Thank you, ma'am.
14           Based upon the defendant's responses to my questions,
15   my own personal observations of the defendant, and
16   representations of counsel, I do find that the defendant is
17   competent to participate and to understand today's
18   proceedings, and we'll move forward.
19           Mr. Boyd, you have certain rights in connection with
20   these proceedings, and I want to advise you of your rights at
21   this time.  I'll advise you that you have the right to remain
22   silent.  If you've given a statement before coming into court
23   today, you're not required to give any additional statements.
24           If you start to give a statement in court today, you
25   can stop at any time and give no additional statements.  But

1  any statement that you do give here in court today can be used
2  against you today, and if you go to trial, it can be used
3  against you at trial.
4      Do you understand?
5      THE DEFENDANT:  I do.
6      THE COURT:  Okay.  You also have the right to an
7  attorney at all stages of the proceeding against you, and if
8  you cannot afford an attorney, an attorney will be appointed
9  to represent you at no cost to you.
10     I do understand it's your intention to hire private
11 counsel at some point.  However, you don't have any counsel
12 present -- private counsel present with you today; is that
13 correct?
14     THE DEFENDANT:  Yes, Your Honor.
15     THE COURT:  Okay.  I did receive a financial affidavit
16 from you in order to seek appointment of counsel for today's
17 hearing.  I did review that affidavit.  Is the information in
18 it true and correct?
19     THE DEFENDANT:  Yes, Your Honor.
20     THE COURT:  Okay.  Based upon my review of the
21 financial affidavit, the Court will appoint the federal public
22 defender's office to represent you for the purposes of this
23 hearing today.
24     So it will be a limited representation just for this
25 hearing, Ms. Abby.

1          MS. ABBY:  Yes, Your Honor.
2          THE COURT:  Okay.  All right.  And do you have any
3   objection to proceeding today with Ms. Abby as your counsel?
4          THE DEFENDANT:  I do not, Your Honor.
5          THE COURT:  Okay.  Thank you, Mr. Boyd.
6          Now, you are here today because you have been -- there
7   has been a warrant issued for you based on an indictment that
8   was filed in the Middle District of Tennessee, Nashville
9   Division.  Have you received a copy of that?
10         THE DEFENDANT:  I have, Your Honor.
11         THE COURT:  Okay.  I'm going to go over with you what
12  you're charged with in that indictment and the maximum penalty
13  for those charges.  You've been charged under 18, U.S.C.,
14  Section 241 with conspiracy to obstruct access to a clinic
15  providing reproductive health services; that carries with it a
16  maximum penalty of 10 years imprisonment and a maximum fine of
17  $250,000.
18         You've also been charged with violation of the FACE Act
19  under 18, U.S.C., Section 248(a)(1)(2); that carries with it a
20  maximum penalty of not more than one year imprisonment and a
21  $10,000 fine.
22         Okay.  Ms. Abby, how does your client wish to proceed
23  as far as whether he'd like to have hearings here or whether
24  he'd like to have hearings in the Middle District of
25  Tennessee?

1      MS. ABBY:  He will waive the identity hearing, Your
2  Honor.
3      THE COURT:  Okay.  All right.  Ms. Haynes, what is the
4  Government's position as far as release or detention is
5  concerned?
6      MS. HAYNES:  The Government is not moving for detention
7  and would ask for an unsecured bond, Your Honor.
8      THE COURT:  Okay.  Thank you.
9      MS. HAYNES:  And as part of that, Your Honor, we would
10 ask that his passport be surrendered, and that his travel be
11 limited to the Southern District and to the Middle District of
12 Tennessee, as well as he be prohibited from entering or going
13 on the premises of any reproductive health clinic and remain
14 within 20 feet away from the building.
15     THE COURT:  Okay.  Repeat the last part for me, so I
16 can be certain that I have it.
17     MS. HAYNES:  That he be prohibited from entering any
18 building that contains a facility that provides reproductive
19 health services, and that he be required to remain on -- stay
20 away 20 feet from the entrance of the building.
21     THE COURT:  Do you have that written down where I can
22 see it?
23     MS. HAYNES:  Yes, ma'am.
24     THE COURT:  Okay.  Thank you.
25     MS. HAYNES:  You're welcome.

1       THE COURT: Okay. The other conditions that Ms. Haynes
2  referenced regarding the surrender of the passport and the
3  places in which you could be found, i.e. Mississippi or
4  Tennessee, are standard bond conditions.
5       Ms. Abby, would you like to be heard regarding the
6  proposed condition of proximity to reproductive health
7  clinics?
8       MS. ABBY: On that position, no, Your Honor. But we
9  would ask the Court if he could surrender his passport at a
10 later date as he had already had a previous trip planned?
11      THE COURT: Oh, no.
12      MS. ABBY: I just have to ask.
13      THE COURT: I know. I understand you have a client
14 here.
15      Sir, there will be no out-of-the-country travel allowed
16 during the duration of these proceedings. And in fact, you
17 will not be able to travel beyond Mississippi or Tennessee,
18 and I'll go over that with you in just a minute. But those
19 are the standard conditions of bond in our district as well as
20 other districts across the country. So, sorry, but that's
21 just normal, but I'm fine with you asking.
22      All right. So the Court has had an opportunity to hear
23 from the Government regarding its request as far as bond is
24 concerned. The Court has also had an opportunity to review
25 the available file from the Middle District of Tennessee as

1  well as the pretrial services report prepared by our pretrial
2  services officer.
3        The Court is in agreement that a bond is in order in
4  this case, and, Mr. Boyd, I'm going to go over the conditions
5  of your bond with you.  They also will provide you with copies
6  as well for your use, so that you can refer back to it.  But
7  I'm going to go over verbally with you all of the conditions.
8  I've previewed some of them for you.  But, again, those are
9  our standard conditions, but I'm going to go over them with
10 you one by one, anyway.
11       Okay.  So, Mr. Boyd, you're going to be subject to
12 what's known as an appearance bond, and with an appearance
13 bond, you agree to follow every order of this court or any
14 court that considers this case.  You will further agree that
15 your bond will be forfeited if you fail to appear for court
16 proceedings; if convicted, you fail to surrender to serve a
17 sentence the Court may impose; or if you fail to comply with
18 all conditions set forth in the order setting conditions of
19 release, which we'll go over in just a moment.  This will be
20 an unsecured bond of $10,000, which means you won't actually
21 pay any money at this time.
22       Order setting conditions of release; your release is
23 going to be subject to the following conditions:  You must not
24 violate federal, state, or local law while on release.  You
25 must cooperate in the collection of a DNA sample if one is

```
 1   authorized by statute.  You must advise the Court or the
 2   pretrial services office or supervising officer in writing
 3   before making any change of residence or telephone number.
 4   You must appear in court as required, and if convicted, must
 5   surrender as directed to serve a sentence the Court may
 6   impose.
 7        The Court is going to allow you to voluntarily appear
 8   in Nashville rather than be transported by the U.S. Marshals.
 9   You will need to appear before noon on Wednesday,
10   October 12th, 2022.  Wednesday, October 12th, 2022, if you
11   will arrive at the federal court in Nashville, the address is
12   on this form, and you will report to pretrial services before
13   noon on Wednesday of next week.  You also will sign an
14   appearance bond that we just went over.
15        Additional conditions of release:  You must submit to
16   supervision by and report for supervision to the U.S.
17   Probation Office.  You must continue or actively seek
18   employment.  You must surrender any passport to the U.S.
19   Probation Office.  You must not obtain a passport or other
20   international travel document.
21        You will abide by the following restrictions on your
22   personal association, residence, or travel, which is to remain
23   in the state of Mississippi at all times during the pendency
24   of these proceedings unless special permission is obtained
25   from the Court.  You may also travel to Nashville, Tennessee
```

1  to attend court proceedings.  You must avoid all contact,
2  directly or indirectly, with any person who is or may be a
3  victim or witness in this investigation or prosecution.
4          Also, you will be prohibited from entering any building
5  that contains a facility that provides reproductive health
6  services, the curtilage of such a building, or being within
7  20 feet of such a building without prior approval of the
8  probation office.
9          You must get medical or a psychiatric treatment, in
10 that you must participate in an evaluation to assess the
11 presence, nature, and severity of a substance abuse problem,
12 if any.  You must not possess a firearm, destructive device,
13 or other weapon, and I would caution you that also means you
14 can't be around any firearms.  So it's not just that you can't
15 own any, you can't be around any as well.
16         You must not use alcohol excessively.  You must not use
17 or unlawfully possess a narcotic drug or other controlled
18 substance defined in 21, U.S.C., Section 802 unless prescribed
19 by a licensed medical practitioner, not yourself.  And you
20 must submit to testing for prohibited substances if required
21 by the pretrial service office or supervising officer.
22 Testing will be used at random frequency, and may include
23 urine testing, the wearing of a sweat patch, a remote alcohol
24 testing system, and/or any form of prohibited substance
25 screening or testing.  The defendant must not obstruct,

1  attempt to obstruct, or tamper with the efficiency and
2  accuracy of prohibited substance screening or testing.  You
3  must participate in a program of inpatient or outpatient
4  substance abuse therapy and counseling if directed by the
5  pretrial services office or supervising officer.
6           You must report as soon as possible to the pretrial
7  services supervising officer every contact that you may have
8  with law enforcement personnel.  This would include arrests,
9  this would include questioning, and it also includes traffic
10 stops.  If you have any of those interactions, you will need
11 to let your probation officer know.
12          Confer with the probation officer prior to filling any
13 prescriptions to be sure the medication is not on the
14 restricted list.  Permit the probation officer to visit at any
15 time at home or elsewhere and permit confiscation of any
16 contraband observed in plain view.
17          And I'm going to give you a copy of this for you all to
18 execute the original, and you to keep the copies.
19          Okay.  Ms. Abby, if you have any trouble understanding
20 my handwriting, let me know.  Okay?
21          Ms. Abby, I failed to give you the form regarding the
22 waiver of the identity hearing.  I'm going to give that to
23 you.
24          MS. ABBY:  May I approach?
25          THE COURT:  Yes, ma'am, you may.  And, Ms. Abby, I

1  should also tell you the case has been assigned to U.S.
2  Magistrate Judge Barbara Holmes in Nashville, so that's the
3  judge that will be on the case once you're in Nashville.
4  U.S. Magistrate Judge Barbara D. Holmes is the judge.
5        All right.  Is there anything further from the
6  Government today?
7        MS. HAYNES:  No, Your Honor.
8        THE COURT:  Okay.  Anything further from the defense,
9  Ms. Abby?
10       MS. ABBY:  No, Your Honor.
11       THE COURT:  Okay.  Again, Mr. Boyd, you are to report
12 to the pretrial services division before noon on Wednesday,
13 October 12th.  The address is 719 Church Street, Nashville,
14 and they're on the first floor.
15       All right.  There being no further business in the
16 matter of United States versus Coleman Boyd, we will stand
17 adjourned.  And this also concludes our docket for the day, so
18 we'll be adjourned.
19       I thank you all so much.  Good to see you all.
20       MS. LEWIS:  All rise.
21 ***************************************************************
22
23
24
25

**COURT REPORTER'S CERTIFICATE**

I, Candice S. Crane, Official Court Reporter for the United States District Court for the Southern District of Mississippi, do hereby certify that the above and foregoing pages contain a full, true, and correct transcript of the proceedings had in the forenamed case at the time and place indicated, which proceedings were digitally recorded by the courtroom deputy clerk and later stenographically transcribed by me from said recording to the best of my skill and ability.

I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

THIS, the 26th day of October, 2022.

/s/ Candice S. Crane, RPR, RCR, CCR

Candice S. Crane, RPR, RCR, CCR #1781
Official Court Reporter
United States District Court
Candice_Crane@mssd.uscourts.gov